UNION PACIFIC RAILROAD COMPANY, APPELLANT, V. CITY OF LINCOLN, APPELLEE.

FILED NOVEMBER 12, 1914. No. 17,848.

1. **Railroads: USE OF STREETS: INJUNCTION.** Where a railroad company, acting under the terms of an ordinance which was adopted as an inducement to the company to build its line to and through a city, constructed its tracks in a street of the city in compliance with all of the terms of the ordinance, it will be protected against the threatened action of the city to unnecessarily, unreasonably, and oppressively move its tracks.

2. ————: FORECLOSURE OF MORTGAGE: SALE: RIGHTS OF PURCHASER. A master commissioner's deed, executed under a decree in a foreclosure suit, will convey to the purchasing company the rights acquired by the company in whose favor the original ordinance was adopted.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed, and decree entered.*

*Edson Rich, A. G. Ellick* and *B. W. Scandrett,* for appellant.

*F. C. Foster* and *D. H. McClenahan, contra.*

BARNES, J.

Action by the Union Pacific Railroad Company, in the district court for Lancaster county, to enjoin the city of Lincoln from compelling the plaintiff to move its west extension track on Fourth street 35 feet east of its present location opposite block 135 in said city, and to prevent the officers of the city from interfering with the plaintiff in its maintenance and use of said track. The trial in the district court resulted in a judgment refusing the prayer of plaintiff's petition and a dismissal of the action. The plaintiff has appealed.

It appears from the bill of exceptions that in the year 1879 the city of Lincoln, by an ordinance duly passed and approved, granted to the Omaha & Republican Valley Railroad Company the right to occupy Fourth street in said city (which is 100 feet wide) from R street south to the city limits, by its railroad tracks, in consideration of certain improvements to be made by said company for the benefit of the city and the traveling public. It appears that the railroad company accepted the city ordinance according to its terms, and as soon as possible constructed its tracks on Fourth street, located and constructed its depot, freight houses and other improvements mentioned in the ordinance, and within a short time fully complied with all of its provisions; that said company constructed its line of railroad into and through the city from north to south on said street, and it and its successor, the Union Pacific Railroad Company, have ever since operated said line of railroad as was contemplated by the terms of said ordinance; that in 1881 another ordinance was passed and approved by the city, granting said first named company additional rights and privileges on the east half of Fourth street, but the ordinance of 1881 in no manner repealed the original ordinance of 1879, and in no way interfered with

the terms of said first named ordinance. It also appears that on the 4th day of October, 1898, all of the rights, immunities and privileges granted to the Omaha & Republican Valley Railroad Company were, by a special master commissioner's deed, conveyed to the plaintiff, the Union Pacific Railroad Company; that said company has filed its articles of incorporation in the office of the secretary of state of the state of Nebraska, and has thus become domesticated, and is entitled to all of the rights, privileges and immunities of such a corporation; that the plaintiff is operating the railroad, constructed and used since the year 1881 by its predecessor, the Omaha & Republican Valley Railroad Company.

The record discloses that on the 28th day of November, 1904, the city council of the defendant city passed and approved the following ordinance:

"Whereas, the Union Pacific Railroad Company maintains a spur track within the sidewalk space along the east line of block one hundred and thirty-five of the original plat of the city of Lincoln; and whereas, by reason of the location of said spur track, Fourth street, between H and J streets, is unnecessarily closed to travel; therefore, be it ordained by the mayor and council of the city of Lincoln, Nebraska:

"Section 1.    That the said Union Pacific Railroad be and is hereby instructed and required to remove said spur track and all other tracks owned or controlled by it on said described part of Fourth street to a distance of not less than thirty-five feet east of said block one hundred and thirty-five (135) within thirty days after the passage, approval and publication of this ordinance.

"Section 2.    That the city engineer is hereby instructed and required to remove said spur track in default of compliance with the provisions of this ordinance on the part of the said Union Pacific Railroad Company.

"Section 3.    All ordinances and parts of ordinances in conflict herewith are hereby repealed.

"Section 4.    This ordinance shall take effect immediately upon its passage, approval and publication."

To prevent the enforcement of this ordinance the plaintiff brought this action. It is contended that the ordinance is unreasonable, unjust and arbitrary upon its face; that there was no public necessity for its passage, and its enforcement would serve no general public interest, but would destroy the plaintiff's power to properly serve its patrons and the public. It appears from the evidence that the plaintiff's main line of railroad runs along the center of Fourth street from R. street south to the city limit; that commencing at about the middle of the blocks between K and J streets, and running thence south to about the middle of the blocks between G and F streets, are located the extensions or side-tracks of the railroad company. The west extension track runs along blocks 135 and 140 at a distance of about three feet from the lot lines. It appears, however, that the railroad company has ballasted its tracks, which are laid on a level with the grade of the streets, with crushed stone, so that the entire space between J and G streets is a level and hard-beaten surface or roadway which the public uses for the purpose of travel by teams and by pedestrians; that J street is open across the plaintiff's tracks, and sidewalks are maintained on each side of said street, so that there is an open roadway for the use of the traveling public from the west side of plaintiff's tracks to the main part of the city of Lincoln. It appears that H street is partially closed by an elevator, situated partly on the lot and partly in the street, at the southeast corner of block 134, which is east of block 135, and that G street is partially closed by the coalhouse of one George Bauer; that there is only one house on lot 1, in block 135, and the persons residing therein have access to the main part of the city on J street, on each side of which sidewalks are maintained, as above stated; that there are no other persons residing on any part of block 135; that in the vicinity of that block are the Burlington Railroad tracks and other railroad properties, and the Burlington Railroad Company has purchased that block, with the exception of lot 1, on which the residence above mentioned stands, and has removed all of the houses

that before the purchase stood on that block. It further appears from the evidence of the defendant's witnesses that G street is open from Third street east to the main part of the city, and there is plenty of room to travel on the sidewalk from G to F streets on the west side of plaintiff's track; that the persons living on the northeast corner of lot 1, in block 135, have a street and a sidewalk direct from their place to the business part of the city; that there are no residences in block 113, and none in block 112; that no one lives west of block 135, and that the ground in that vicinity is all occupied by railroad yards; that all the persons residing west of the Union Pacific tracks have free access to the city on G and F streets, but there is no crossing established on G street. It appears, however, that there is a hard, solid track or roadway on that street across the Union Pacific tracks, and there is ample room between the tracks of the Union Pacific Railroad Company, called B and C, on Fourth street, for the passing of any number of teams and pedestrians; that it is a hard, solid crushed stone pathway, and leads straight up to J street, where there are sidewalks, as above stated. It also appears that there is no reason why H and G streets should not be opened for travel if the public necessity requires it. It further appears that to require the railroad company to remove the track in question 35 feet east of its present location opposite block 135 will require the company to place that track on the top of its extension track B, and thereby destroy the use of both of said extension tracks, with no corresponding benefit to any one. It must also be observed that the ordinance in question does not require the railroad company to remove its west extension track at any other point, except opposite block 135, and to make such removal would in effect segregate a part of that track and destroy its use.

The record shows that the track in question is necessary for the use of the company in serving the public and its patrons in the city of Lincoln, and to enforce the ordinance in question would result in no benefit to any one.

We are therefore of opinion that the city should be enjoined from enforcing the ordinance in its present form, and thus destroy the use of the west extension track on Fourth street. It is not the purpose, however, of the court in this case to prevent the city from assuming proper control of Fourth street when public necessity requires it.

The right to exercise the police power by the city cannot be surrendered or abridged, and, when a franchise is granted to use the city streets for railroad purposes, the grantees accept the right subject to the reasonable and necessary exercise of the police power; but, if any regulation is adopted by the virtue of that power, it must be reasonable, and must not defeat the purpose of the grant. The basis for the exercise of the police power is the protection of human life and the promotion of the public convenience and welfare, and the privilege of the railroad company is subject to the duty of the city to repair, alter or improve the streets in such a manner as the city may deem reasonably proper for the public benefit. The construction of a sidewalk on the west side of Fourth street would be a proper exercise of this duty, and the city would have the right to compel the company to move its sidetrack far enough so that the sidewalk space could be used for that purpose. But it is our view that the enforcement of the ordinance in its present form is unreasonable, unnecessary and oppressive, and should be enjoined.

The judgment of the district court is therefore reversed, and plaintiff is granted an injunction permanently restraining the enforcement of the ordinance in question, and judgment will be rendered accordingly.

JUDGMENT ACCORDINGLY.

LETTON, ROSE and SEDGWICK, JJ., not sitting.